INSURANCE COMPANY OF NORTH AMERICA, Appellant, *v.* EMANUEL REIFLER et al., Defendants, and SANFORD E. RAFSKY, Respondent.

Second Department, October 15, 1974.

*Bigham Englar Jones & Houston* (*Robert B. Budelman, Jr.,* and *William T. Marshall, Jr.,* of counsel), for appellant.

*Elson & Halperin* for respondent.

*Per Curiam.* The principal issue is whether the complaint as against defendant Rafsky was properly dismissed, upon his motion, for the plaintiff's failure to take proceedings for entry of a default judgment under subdivision (c) of CPLR 3215, which provides in part: " If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned * * * unless sufficient cause is shown why the complaint should not be dismissed."

The action was commenced against Rafsky by substituted service of the summons and complaint on August 18, 1972. The service became complete on September 1, 1972, 10 days after proof thereof was filed with the Clerk of the court and Rafsky was not in default until 30 days thereafter (CPLR 308, subd. 4; CPLR 320, subd. [a]), actually October 2, 1972 (see General Construction Law, § 25-a). Rafsky's motion was made on October 1, 1973, just prior to the expiration of one year after Rafsky's default and a dismissal under subdivision (c) of CPLR 3215 was therefore improper.

In any event, the plaintiff has been actively engaged in the prosecution of this action against the other defendants and in the defense of a related action brought by another party and has demonstrated sufficient cause why the complaint should not have been dismissed (*Abrams* v. *Resort Constr. Corp.,* 38 A D

2d 735). Under the circumstances of this case, personal service of a complaint upon Rafsky after the expiration of the Statute of Limitations was not evidence of an intent to abandon the substituted service (cf. *Stein* v. *Zitelli,* 10 A D 2d 728).

This matter should proceed to a final determination on the merits. Accordingly, the order should be reversed, with $20 costs and disbursements, and the motion denied; and the time within which Rafsky may answer the complaint should be extended.

MARTUSCELLO, Acting P. J., LATHAM, CHRIST, BRENNAN and BENJAMIN, JJ., concur.

Order of the Supreme Court, Nassau County, entered November 7, 1973, reversed, with $20 costs and disbursements, and motion denied. Defendant Rafsky's time to answer the complaint is extended until 20 days after entry of the order to be made hereon.