■ HOME SAVINGS OF AMERICA, F.A., Respondent, v FOTIOS GKANIOS et al., Defendants, and MARIE GKANIOS, Appellant. [646 NYS2d 530] —In an action to foreclose a mortgage, the defendant Marie Gkanios appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Putnam County (Hillery, J.), dated December 21, 1993, as denied the branch of her motion which was to dismiss the action as abandoned pursuant to CPLR 3215 (c), (2) from so much of an order of the same court dated February 3, 1994, as denied the branch of her motion which was in effect to reargue the branch of her prior motion which was to dismiss the action as abandoned, (3) from so much of an order of the same court dated June 30, 1994, as, upon reargument, adhered to the prior determination in the order dated December 21, 1993, denying the branch of her motion which was to dismiss the action as abandoned, and (4) from an order of the same court dated August 17, 1994, which denied her motion to reargue.

Ordered that the appeals from the orders dated February 3, 1994, and August 17, 1994, are dismissed, as no appeal lies from an order denying reargument; and it is further

Ordered that the appeal from the order dated December 21, 1993 is dismissed, as that order was superseded by the order dated June 30, 1994, made upon reargument; and it is further

Ordered that the order dated June 30, 1994 is affirmed insofar as appealed from; and it is further

Ordered that the plaintiff is awarded one bill of costs.

The Supreme Court properly denied the appellant's motion to dismiss the action as abandoned pursuant to CPLR 3215 (c)

since the plaintiff initiated proceedings for entry of a default judgment within one year of the appellant's default. The plaintiff moved for the appointment of a Referee to compute the amount due on the mortgage, a preliminary step towards obtaining a judgment of foreclosure (*see,* RPAPL 1321; 15 Carmody-Wait 2d, Mortgage Foreclosure, § 92:188). Contrary to the appellant's contention, the court was not required to dismiss the action because the proceedings for entry of a default judgment were not concluded within one year of her default (*see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.14).

Moreover, it is clear from this record that the plaintiff did not abandon the action (*see, e.g., Patterson v Patterson,* 220 AD2d 731; *Ingenito v Grumman Corp.,* 192 AD2d 509; *Byk-Chemie GmbH v Efka Chems.,* 161 AD2d 196). The delay in obtaining a report by the Referee and a judgment of foreclosure was the result of numerous applications to the court by the appellant.

We have not considered those issues raised by the appellant which are not properly before the Court on this appeal. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.