■ Marion Brown et al., Appellants, v Rosedale Nurseries, Inc., et al., Respondents, et al., Defendant. [686 NYS2d 22] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about June 12, 1998, which denied plaintiffs' motion for a default judgment and dismissed the complaint, unanimously modified, on the law, the facts, and in the exercise

of discretion, to reinstate the complaint, with leave to plaintiffs to renew their motion for a default judgment upon proper papers, within 30 days of the date of this order, and otherwise affirmed, without costs.

In concluding that plaintiffs had abandoned their complaint against defendant Rockefeller Center Properties because they had failed "to take proceedings for the entry of judgment within one year after the default" (CPLR 3215 [c]), the court failed to consider plaintiffs' order to show cause, brought within one year of defendant's default, before Justice Braun, seeking entry of a default judgment. Although Justice Braun did not sign that order to show cause, it has been recognized that "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.14).

We do not agree with the Supreme Court's conclusion that plaintiffs had to establish actual or constructive notice of the hazard that caused the slip and fall, on their motion for entry of a default judgment, because a defendant in default is deemed to have admitted "all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (*Rokina Opt. Co. v Camera King,* 63 NY2d 728, 730). However, plaintiffs' complaint, verified by their attorney, and their affidavit in support of entry of a default judgment in their favor, which incorporated conclusory, hearsay statements from their attorney, were insufficient to support entry of a default judgment pursuant to CPLR 3215 (f) (*see, Feffer v Malpeso,* 210 AD2d 60, 61). In the circumstances presented, plaintiffs are granted leave to reapply for a default judgment, on proper papers, within 30 days of the date of this order. Concur—Ellerin, J. P., Williams, Wallach and Tom, JJ.