■ NORWEST BANK MINNESOTA, N.A., Respondent, v WARREN SABLOFF et al., Appellants, et al., Defendants. [747 NYS2d 559]

The Supreme Court improperly granted those branches of the plaintiff's motion which were for summary judgment and appointment of a referee to ascertain and compute the amount due on a note and mortgage. The proponent of a motion for summary judgment bears the initial burden of making a "prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see Katona v Low,* 226 AD2d 433). Contrary to the plaintiff's contention, it failed to demonstrate that the mortgage was properly accelerated as a matter of law (*cf. First Fed. Sav. Bank v Midura,* 264 AD2d 407).

Although the language contained in the letter allegedly sent to the appellants satisfied the requirements expressed in the mortgage agreement, and the filing of the summons and complaint constituted a proper acceleration of the mortgage (*see Franklin Socy. Fed. Sav. & Loan Assn. v Far-Pap Corp.,* 57 AD2d 607), the plaintiff's submissions, including an attorney's affirmation containing conclusory assertions that notice was given, were insufficient to establish that the plaintiff served on the appellants the requisite notice to cure their default as expressly required in the mortgage agreement (*see Zuckerman v City of New York,* 49 NY2d 557; *Menzel v Plotnick,* 202 AD2d 558; *Bank of New York v Cerasaro,* 98 AD2d 902; *cf. Engel v Lichterman,* 62 NY2d 943; *Strober King Bldg. Supply Ctrs. v Merkley,* 266 AD2d 203).

However, the Supreme Court properly denied that branch of the appellants' cross motion which was to dismiss the complaint insofar as asserted against Josh Sabloff under CPLR 3215 (c).

Within a year after the service of the summons and complaint upon Josh Sabloff, the plaintiff obtained the report of the amount due, and obtained a judgment of foreclosure and sale, which was subsequently vacated. The plaintiff's efforts negated any presumption that the action against Josh Sabloff was abandoned (*see Home Sav. of Am. v Gkanios,* 230 AD2d 770).

The appellants' remaining contentions are without merit (*see Diamadopolis v Balfour,* 152 AD2d 532; *Home Sav. of Am. v Gkanios, supra*). Santucci, J.P., Florio, Goldstein and Townes, JJ., concur.