■ JOHN NOWICKI, Appellant, v SPORTS WORLD PROMOTIONS, Defendant, and FRED DAVIES, Respondent. [851 NYS2d 270]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 14, 2006, which granted the motion of the defendant Fred Davies pursuant to CPLR 3215 (c) to vacate so much of a default judgment of the same court dated August 4, 2005, as is in favor of the plaintiff and against him and to dismiss the complaint insofar as asserted against him as abandoned.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Fred Davies to vacate so much of the default judgment dated August 4, 2005 as is in favor of the plaintiff and against him and to dismiss the complaint insofar as asserted against him is denied.

The Supreme Court erred in granting the motion of the defendant Fred Davies to vacate so much of a default judgment dated August 4, 2005, as is in favor of the plaintiff and against him and to dismiss the action insofar as asserted against him as abandoned. CPLR 3215 (c) requires that a plaintiff commence proceedings for the entry of a default judgment within one year or demonstrate sufficient cause why the action should not be dismissed. Where application is made to the court for the entry of a default judgment within one year of the defendant's default, the court may not refuse to enter judgment or dismiss the complaint as abandoned pursuant to CPLR 3215 (c) (*see Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999]; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770, 770-771 [1996]; *Insurance Co. of N. Am. v Reifler*, 45 AD2d 488, 489 [1974]). In opposition to Davies' motion, the plaintiff contended that he submitted an application for a proposed clerk's judgment on May 12, 2005, within one year of the default. Although the application itself was not submitted with the plaintiff's opposition to Davies' motion to vacate, the default judgment recites that it was entered upon the affirmation of the plaintiff's counsel dated May 5, 2005. While there is some discrepancy as to the exact date of the application, both dates fall within one year of Davies' default on June 9, 2004. Accordingly, the action was not subject to dismissal under CPLR 3215 (c).

Davies' remaining contentions are without merit. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.