In an action to recover damages for personal injuries and injury to property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), entered March 23, 2012, as denied his motion pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned.
Ordered that the order is affirmed insofar as appealed from, with costs.
CPLR 3215 (c) requires that a plaintiff commence proceedings for the entry of a default judgment within one year after the default or demonstrate sufficient cause why the complaint should not be dismissed. Where the plaintiff has made an application to the court for the entry of a default judgment within one year of the defendant’s default, the court may not later dismiss the complaint as abandoned pursuant to CPLR 3215 (c) (see Nowicki v Sports World Promotions, 48 AD3d 435, 436 [2008]; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999]; Home Sav. of Am., F.A. v Gkanios, 230 AD2d 770, 770-771 [1996]; Insurance Co. of N. Am. v Reifler, 45 AD2d 488, 489 [1974]). Here, the plaintiffs original motion for leave to enter a default judgment was made and denied without prejudice within one year after the defendant’s default. Furthermore, under the circumstances of this case, the plaintiff demonstrated that she did not abandon the action (see Allstate Ins. Co. v Austin, 48 AD3d 720, 721 [2008]; Brown v Rosedale Nurseries, 259 AD2d at 257; Insurance Co. of N. Am. v Reifler, 45 AD2d at 489-490; cf. Skeete v Bell, 292 AD2d 371 [2002]). Accordingly, the Supreme Court properly denied the defendant’s motion pursuant to CPLR 3215 (c) to dismiss the complaint as abandoned. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.