In an action, inter alia, to cancel and vacate a satisfaction of mortgage recorded on September 16, 2008, and to reinstate the mortgage recorded on June 23, 2008, the plaintiff appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered June 23, 2011, which denied its unopposed renewed motion, in effect, pursuant to CPLR 3215, for leave to enter a *805 judgment canceling and vacating the satisfaction of mortgage recorded on September 16, 2008, and reinstating the mortgage recorded on June 23, 2008, upon the default of the defendants Thomas E Smith and Irene Smith in appearing and answering, and, sua sponte, directed dismissal of the complaint.
Ordered that the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be a motion for leave to appeal from that portion of the order, and leave to appeal is granted {see CPLR 5701 [c]); and it is further,
Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiffs renewed motion, in effect, pursuant to CPLR 3215, for leave to enter a judgment canceling and vacating the satisfaction of mortgage recorded on September 16, 2008, and reinstating the mortgage recorded on June 23, 2008, upon the default of the defendants Thomas E Smith and Irene Smith in appearing and answering, is granted.
On June 11, 2008, the defendant Irene Smith borrowed the principal sum of $42,300 from Citimortgage, Inc. The loan was secured by a mortgage on premises located in Nassau County that were owned by Irene Smith and her husband, the defendant Thomas E Smith. The mortgage was recorded in the Nassau County Clerk’s office on June 23, 2008.
The plaintiff, Mortgage Electronic Registration Systems, Inc., in its capacity as nominee for Citimortgage, Inc., subsequently commenced this action seeking, inter alia, to cancel and vacate a satisfaction of mortgage executed less than two months after the subject mortgage was recorded. In its complaint, the plaintiff alleged that the satisfaction of mortgage “was erroneously executed and sent for recording,” that the mortgage was never satisfied, and that the balance due under the loan remained outstanding. Although two of the defendants named in the action served limited notices of appearance, the defendant mortgagors Thomas E Smith and Irene Smith did not appear or answer. In 2011, the plaintiff renewed its prior motion, in effect, pursuant to CPLR 3215, for leave to enter a judgment canceling and vacating the satisfaction of mortgage recorded on September 16, 2008, and reinstating the mortgage recorded on June 23, 2008, upon the default of Thomas E Smith and Irene Smith in appearing and answering. The Supreme Court denied the motion on the ground that the plaintiff’s vice president, who submitted an affidavit in support of the motion, was “not an individual with knowledge as to whether or not the indebtedness was actually satisfied,” and, sua sponte, directed dismissal of the complaint.
*806 CPLR 3215 (f) requires that an applicant for a default judgment file “proof of the facts constituting the claim ... by affidavit made by the party.” To satisfy this requirement, an affidavit submitted in support of a motion pursuant to CPLR 3215 “need only allege enough facts to enable a court to determine that a viable cause of action exists” (Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]). “indeed, defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them” (id.; see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]). Here, the affidavit of the plaintiffs vice president, who averred that he was fully familiar with the facts set forth in his affidavit, was sufficient to satisfy the requirements of CPLR 3215 (f). The vice president’s factual allegations that the satisfaction of mortgage was erroneously executed and sent for recording, that the mortgage had not been satisfied, and that the balance due under the loan remained outstanding, were sufficient to set forth a viable cause of action to cancel and vacate the satisfaction of mortgage (see Beltway Capital, LLC v Soleil, 104 AD3d 628, 631 [2013]; Deutsche Bank Trust Co., Ams. v Stathakis, 90 AD3d 983, 984 [2011]; DLJ Mtge. Capital, Inc. v Windsor, 78 AD3d 645, 647 [2010]; New York Community Bank v Vermonty, 68 AD3d 1074, 1076-1077 [2009]; Citibank, N.A. v Kenney, 17 AD3d 305, 308 [2005]). Further, since the plaintiffs initial motion, in effect, for leave to enter a judgment based upon the default of Thomas P Smith and Irene Smith in appearing and answering was made within one year of the default, there was no basis for the Supreme Court to direct the dismissal of the complaint pursuant to CPLR 3215 (c) (see Jones v Fuentes, 103 AD3d 853 [2013]; Nowicki v Sports World Promotions, 48 AD3d 435 [2008]; Brown v Rosedale Nurseries, 259 AD2d 256 [1999]). Accordingly, the Supreme Court erred in denying the plaintiffs renewed motion, and sua sponte directing dismissal of the complaint. Eng, PJ., Dickerson, Chambers and Hall, JJ., concur.