In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated August 1, 2013, which denied its motion for leave to enter a default judgment against the defendants pursuant to CPLR 3215 upon their failure to appear or answer the complaint and for the appointment of a referee to compute the sums due and owing to it, and, in effect, denied its application for the court’s recusal.
Ordered that the appeal from so much of the order as, in effect, denied the plaintiffs application for the court’s recusal is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]; Faello v Faello, 45 AD3d 728 [2007]), and leave to appeal has not been granted (see Cascardo v Stacchini, 100 AD3d 675, 677 [2012]); and it is further,
Ordered that the order is reversed insofar as reviewed, on the law, and the plaintiffs motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for the appointment of a referee to compute the sums due and owing to it is granted; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
*981 In 2007 the plaintiff commenced the instant action to foreclose a mortgage on a certain two-family residential property located at 1686 Rockaway Parkway, Brooklyn. The mortgage secured loans in the total sum of $315,000, which were made to the defendants Edusei Poku and Shirley Sarpong (hereinafter the defendants). Upon the defendants’ default in appearing in this foreclosure action, the plaintiff made four separate motions for the appointment of a referee to compute the amounts due and owing to it. As relevant to the instant appeal, in the order appealed from, the Supreme Court, inter alia, denied the fourth motion made by the plaintiff for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for the appointment of a referee to compute the sums due and owing to it. The defendant Edusei Poku opposed the motion.
On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party’s default in answering or appearing (see CPLR 3215 [f]; U.S. Bank, N.A. v Razon, 115 AD3d 739 [2014]; Loaiza v Guzman, 111 AD3d 608, 609 [2013]; Green Tree Servicing, LLC v Cary, 106 AD3d 691, 692 [2013]; Dupps v Betancourt, 99 AD3d 855, 855 [2012]). Here, in support of its motion for leave to enter a default judgment, the plaintiff met all of these requirements (see Dupps v Betancourt, 99 AD3d at 855). The affidavits of service proffered by the plaintiff constitute prima facie evidence of proper service of the summons and complaint upon the defendants (see Carver Fed. Sav. Bank v Supplice, 109 AD3d 572 [2013]; Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 220 [2011]). Further, the affidavit of the plaintiffs servicing agent, which was accompanied by a power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff, provided proof of the facts constituting the claim and proof of the defendants’ default (see CWCapital Asset Mgt., LLC v Great Neck Towers, LLC, 99 AD3d 850, 851 [2012]; Aames Capital Corp. v Ford, 294 AD2d 134 [2002]; cf. HSBC Bank USA, N.A. v Betts, 67 AD3d 735, 736 [2009]).
In addition, contrary to Poku’s contention, CPLR 3215 (c) does not apply where, as here, the plaintiffs initial motion for the appointment of a referee to compute and, in effect, for leave to enter a judgment based upon the defendants’ default in appearing and answering was made within one year of the default (see Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d 804 [2013]; Jones v Fuentes, 103 AD3d 853 [2013]; Nowicki v *982 Sports World Promotions, 48 AD3d 435, 436 [2008]; Brown v Rosedale Nurseries, 259 AD2d 256, 257 [1999]). Furthermore, the plaintiff demonstrated that it did not abandon the action (see Jones v Fuentes, 103 AD3d 853 [2013]). Accordingly, the Supreme Court should have granted the plaintiffs motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint and for the appointment of a referee to compute the sums due and owing to it.
The plaintiffs remaining contentions are either without merit or not properly before this Court.
Rivera, J.E, Balkin, Chambers and Miller, JJ., concur.