■ US BANK NATIONAL ASSOCIATION, as Trustee for MASTR ASSET-BACKED SECURITIES TRUST, 2006-FRE2, Appellant, v

Frantz Dorestant, Respondent, et al., Defendants. [15 NYS3d 142]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Edwards, J.), dated May 15, 2014, as denied those branches of its motion which were for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference, and granted the cross motion of the defendant Frantz Dorestant pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference are granted, and the cross motion of the defendant Frantz Dorestant pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned is denied.

The plaintiff US Bank National Association (hereinafter U.S. Bank) commenced this action in 2008. The defendants failed to appear or answer the complaint. In 2009, within one year of the defendants' default, U.S. Bank moved, ex parte, for an order of reference. In 2010, before the motion was decided, U.S. Bank sought to withdraw the motion so that it could comply with new rules promulgated by the Office of Court Administration in connection with mortgage foreclosure actions. The motion was marked withdrawn in 2011.

In January 2014, after attending foreclosure settlement conferences at which the defendants failed to appear, the plaintiff moved for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference. The defendant Frantz Dorestant opposed U.S. Bank's motion, and cross-moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned. In the order appealed from, the Supreme Court denied U.S. Bank's motion, granted Dorestant's cross motion, and directed the dismissal of the complaint insofar as asserted against him. U.S. Bank appeals. We reverse the order insofar as appealed from.

CPLR 3215 provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). It is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c) (*see Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812 [2015]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Jones v Fuentes*, 103 AD3d 853, 853 [2013]; *Nowicki v Sports World Promotions*, 48 AD3d 435, 436 [2008]). Nor is a plaintiff required to specifically seek the entry of a judgment within a year. " '[A]s long as "proceedings" are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal' " (*Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999], quoting 7-3215 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 3215.14; *see Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812 [2015]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]; *Pisciotta v Lifestyle Designs, Inc.*, 62 AD3d 850, 852 [2009]; *Icon Equip. Distribs. v Gordon Envtl. & Mech. Corp.*, 272 AD2d 579, 579 [2000]; *Home Sav. of Am., F.A. v Gkanios*, 230 AD2d 770, 770-771 [1996]).

Here, in 2009, when U.S. Bank took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving, ex parte, for an order of reference, it initiated proceedings for entry of the default judgment of foreclosure and sale within one year of the defendants' default and, thus, did not abandon the action (*see* CPLR 3215 [c]; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812 [2015]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d at 806; *Jones v Fuentes*, 103 AD3d at 853; *Klein v St. Cyprian Props., Inc.*, 100 AD3d at 712). Accordingly, the Supreme Court erred in granting Dorestant's cross motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against him as abandoned.

The Supreme Court also erred in denying those branches of U.S. Bank's motion which were for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint and for an order of reference. "An applicant for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear" (*U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *see* CPLR 3215 [f]; *Citimortgage, Inc. v*

*Chow Ming Tung,* 126 AD3d 841, 843 [2015]). Here, in support of its motion, U.S. Bank satisfied these requirements (*see U.S. Bank, N.A. v Razon,* 115 AD3d at 740). Contrary to Dorestant's contention, since the defendants in this action defaulted in appearing or answering the complaint and have failed to demonstrate grounds for vacating their default, they are precluded from asserting the plaintiff's lack of standing as a defense. Accordingly, it was unnecessary for U.S. Bank to demonstrate that it had standing to commence this action in order to establish its entitlement to a default judgment (*see Wells Fargo Bank, N.A. v Combs,* 128 AD3d 812 [2015]; *Deutsche Bank Natl. Trust Co. v Hussain,* 78 AD3d 989, 990 [2010]).

"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*Fried v Jacob Holding, Inc.,* 110 AD3d 56, 60 [2013]; *see Wassertheil v Elburg, LLC,* 94 AD3d 753, 753 [2012]). Here, in opposition to U.S. Bank's motion, Dorestant failed to allege, let alone demonstrate, that he did not default or that he had a reasonable excuse for his default. Accordingly, the Supreme Court should have granted those branches of U.S. Bank's motion which were for leave to enter a judgment against the defendants upon their failure to appear or answer the complaint, and for an order of reference. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.