Wells Fargo Bank, N.A. v Daskal (2016 NY Slip Op 06076)





Wells Fargo Bank, N.A. v Daskal


2016 NY Slip Op 06076


Decided on September 21, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 21, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2015-02358
 (Index No. 8069/08)

[*1]Wells Fargo Bank, N.A., respondent,
v
Mendel Daskal, appellant, et al., defendants.


Menashe & Associates, LLP, Montebello, NY (Michael Dachs of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Shawna C. MacLeod of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mendel Daskal appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated December 18, 2014, as granted that branch of the plaintiff's motion which was for an order of reference insofar as asserted against him, and denied his cross motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2008, the plaintiff commenced this action to foreclose a mortgage on an investment property located in Brooklyn. The defendant Mendel Daskal failed to appear or otherwise timely respond to the complaint (see CPLR 3012[a], [d]). Two months after Daskal's default, in July 2008, the plaintiff moved for an order of reference. In 2009, the Supreme Court denied the plaintiff's motion. Thereafter, in late 2009, the plaintiff filed a new motion for an order of reference but, before that motion was decided, the plaintiff withdrew its motion in November 2010 so that it could comply with rules recently promulgated by the Office of Court Administration in connection with mortgage foreclosure actions.
In January 2012, the plaintiff's present counsel was substituted for its former counsel, who had ceased doing business. That same year, pursuant to CPLR 3408, the plaintiff appeared at two mandatory settlement conferences at which Daskal failed to appear. Thereafter, in March 2014, the plaintiff moved, inter alia, for an order of reference. Daskal opposed the plaintiff's motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The Supreme Court granted that branch of the plaintiff's motion which was for an order of reference insofar as asserted against Daskal and denied Daskal's cross motion. Daskal appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." This Court has repeatedly held that "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215(c)" (US Bank N.A. v Dorestant, 131 AD3d 467, 469; see Wells Fargo Bank, N.A. v Combs, 128 AD3d 812, 813; Mortgage Elec. Registration Sys., [*2]Inc. v Smith, 111 AD3d 804, 806; Jones v Fuentes, 103 AD3d 853, 853) and a plaintiff is not even required to specifically seek a default judgment within a year (see US Bank N.A. v Dorestant, 131 AD3d at 469). " [A]s long as "proceedings" are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal' (7 Weinstein-Korn-Miller, NY Civ Prac P 3215.14)" (Brown v Rosedale Nurseries, 259 AD2d 256, 257; see US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; Klein v St. Cyprian Props., Inc., 100 AD3d 711, 712; Pisciotta v Lifestyle Designs, Inc., 62 AD3d 850, 852; Icon Equip. Distribs. v Gordon Envtl. & Mech. Corp., 272 AD2d 579, 579).
Here, in July 2008, the plaintiff took the preliminary step toward obtaining a default judgment of foreclosure and sale by moving, inter alia, for an order of reference within two months after Daskal's default in appearing or answering. Thus, the plaintiff initiated proceedings for entry of the default judgment of foreclosure and sale within one year of Daskal's default (see CPLR 3215[c]; US Bank N.A. v Dorestant, 131 AD3d at 469; Wells Fargo Bank, N.A. v Combs, 128 AD3d at 813; Mortgage Elec. Registration Sys., Inc. v Smith, 111 AD3d at 806; Jones v Fuentes, 103 AD3d at 853; Klein v St. Cyprian Props., Inc., 100 AD3d at 712) and demonstrated that it did not abandon the action (see Aurora Loan Servs., LLC v Gross, 139 AD3d 772; U.S. Bank N.A. v Poku, 118 AD3d 980, 982; Jones v Fuentes, 103 AD3d 853).
Daskal's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for an order of reference insofar as asserted against Daskal and properly denied Daskal's cross motion.
CHAMBERS, J.P., AUSTIN, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court