WASHINGTON MUTUAL BANK, FA, Appellant, v MARIE DULIANE MILFORD-JEAN-GILLE, Respondent, et al., Defendants. [59 NYS3d 781]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 3, 2014, which denied its motion to vacate an order of the same court dated July 23, 2013, among other things, sua sponte, directing dismissal of the action pursuant

to CPLR 3215 (c) as abandoned, and to restore the action to the trial calendar.

Ordered that the order dated September 3, 2014, is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated July 23, 2013, and to restore the action to the trial calendar is granted.

The plaintiff's predecessor-in-interest, CitiMortgage, Inc. (hereinafter Citi), commenced this foreclosure action on March 5, 2007. The defendant Marie Duliane Milford-Jean-Gille, the mortgagor (hereinafter the defendant), neither timely answered nor moved to dismiss the action. Thereafter, in December 2007, the plaintiff moved, inter alia, for an order of reference, and the Supreme Court denied that motion with leave to renew. In November 2008, the plaintiff moved, among other things, for leave to enter a default judgment, an order of reference, and to amend the caption to substitute the plaintiff in place of Citi, and the court granted the motion.

In September 2010, the plaintiff moved to confirm the referee's report of amount due and for leave to enter a default judgment of foreclosure and sale, but later withdrew that motion. After a status conference, in an order dated July 23, 2013, the Supreme Court, sua sponte, directed dismissal of the action as abandoned pursuant to CPLR 3215 (c) and cancellation of the notice of pendency. In September 2013, the plaintiff moved to vacate the order dated July 23, 2013, and to restore the action to the calendar. In the order appealed from dated September 3, 2014, the court denied the motion. The plaintiff appeals, and we reverse.

"[A]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (*Brown v Rosedale Nurseries*, 259 AD2d 256, 257 [1999] [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Daskal*, 142 AD3d 1071, 1073 [2016]; *US Bank N.A. v Dorestant*, 131 AD3d 467, 469 [2015]; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d 812, 813 [2015]), "even if the plaintiff's motion is later withdrawn" (*Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 773 [2016]; *see HSBC Bank USA, N.A. v Alexander*, 124 AD3d 838, 839 [2015]).

Here, the plaintiff initiated proceedings for entry of the default judgment of foreclosure and sale within one year of the defendant's default (*see* CPLR 3215 [c]; *Wells Fargo Bank, N.A. v Daskal*, 142 AD3d at 1073; *US Bank N.A. v Dorestant*, 131 AD3d at 469; *Wells Fargo Bank, N.A. v Combs*, 128 AD3d at 813; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d

804, 806 [2013]; *Jones v Fuentes*, 103 AD3d 853, 853 [2013]; *Klein v St. Cyprian Props., Inc.*, 100 AD3d 711, 712 [2012]), thereby demonstrating that it did not abandon the action (*see Wells Fargo Bank, N.A. v Daskal*, 142 AD3d at 1073; *Aurora Loan Servs., LLC v Gross*, 139 AD3d at 774). Accordingly, the Supreme Court erred in, sua sponte, directing dismissal of the action pursuant to CPLR 3215 (c) and cancellation of the notice of pendency (*see e.g. Citimortgage, Inc. v Espinal*, 136 AD3d 857, 859 [2016]; *HSBC Bank USA, N.A. v Alexander*, 124 AD3d at 839; *Emigrant Mtge. Co., Inc. v Gosdin*, 119 AD3d 639, 640 [2014]).

Additionally, the defendant waived the issue of the plaintiff's standing by failing to timely answer or appear (*see Wells Fargo Bank, N.A. v Combs*, 128 AD3d at 813; *JP Morgan Mtge. Acquisition Corp. v Hayles*, 113 AD3d 821, 822 [2014]; *Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989, 990 [2010]).

The defendant's remaining contentions are without merit. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.