U.S. Bank N.A. v Hazan (2019 NY Slip Op 07850)





U.S. Bank N.A. v Hazan


2019 NY Slip Op 07850


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Gische, Kapnick, Kern, JJ.


850240/14 -6830 10244 

[*1] U.S. Bank National Association, etc., Plaintiff-Appellant,
v
Elizabeth Hazan, et al., Defendants-Respondents, Mortgage Electronic Registration Systems, Inc., etc., et al., Defendants. 1 East 62nd Street Apt 1A LLC Intervenor-Respondent.


Eckert Seamans Cherin & Mellott, LLC, White Plains (Riyaz G. Bhimani of counsel), for appellant.
Marzec Law Firm, P.C., Brooklyn (Jerome Noll of counsel), for Elizabeth Hazan and Real Estate Holdings Group, L.D.C., respondents.
Richland & Falkowski, PLLC, Washingtonville (Daniel H. Richland of counsel), for 1 East 62nd Street Apt 1A LLC, respondent.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered on May 17, 2018, which granted defendants-respondents' motion to dismiss the complaint with prejudice, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff commenced a prior foreclosure action on April 7 2008, in which it purported to accelerate the underlying mortgage debt. Defendant Hazan moved to dismiss based on plaintiff's failure to comply with the 30-day notice requirement contained in Section 22 of the mortgage, and her motion was granted due to plaintiff's failure "to comply with the condition precedent regarding service of the thirty-day notice accelerating the loan." When plaintiff commenced this action over six years later, defendants Hazan and Real Estate Holdings Group, LDC moved to dismiss the action as time-barred.
Once a mortgage debt is validly accelerated, the entire amount becomes due and the statute of limitations begins to run on the entire debt (see MTGLQ Invs., LP v Wozencraft, 172 AD3d 644 (1st Dept 2019]). Because a mortgage cannot be validly accelerated without proper notice required by the mortgage (see Norwest Bank Minn. v Sabloff, 297 AD2d 722, 723 [2d Dept 2002]; GE Capital Mtge. Servs. v Mittelman, 238 AD2d 471 [2d Dept 1997]), the order dismissing plaintiff's initial action on precisely that point invalidated the purported acceleration of the mortgage, so that the statute of limitations did not accrue (see Deutsche Bank Natl. Trust Co. v Board of Mgrs. of the E. 86th St. Condominium, 162 AD3d 547 [1st Dept 2018] [purported acceleration of mortgage by plaintiff lacking standing was a nullity and did not trigger statute of limitations]; Wells Fargo Bank N.A. v Burke, 94 AD3d 980, 982-983 [2d Dept 2012] [since
plaintiff's predecessor lacked standing to commence the prior foreclosure action, commencement of that action did not operate to validly accelerate the debt]).
Accordingly, this action is not barred by the statute of limitations. M—6830 - US. Bank National Association v
Elizabeth Hazan,
Motion for counsel fees denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK