**Abramov v Bee Bee Car Serv. Inc.**

2024 NY Slip Op 34482(U)

December 23, 2024

Supreme Court, Kings County

Docket Number: Index No. 502146/2019

Judge: Carolyn Walker-Diallo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

--------------------------------------------------------------- X

GLORIA ABRAMOV,

                            Plaintiff,

         - against -

BEE BEE CAR SERVICE INC., et al.,

                          Defendants.

--------------------------------------------------------------- X

At an IAS Term, Part DJMP2, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 23rd day of December 2024.

Index No.: 502146/2019

**<u>DECISION/ORDER</u>**

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this motion:

**Papers**                                                        **Numbered**

Notice of Motion, Affirmation, Exhibits               NYSCEF Doc. Nos. 12-21
Affirmation in Opposition                              NYSCEF Doc. No. 25
                       Papers considered: Motion Sequence 2

## INTRODUCTION

Plaintiff Gloria Abramov ("Plaintiff") moves for an order pursuant to: (i) CPLR 3215, granting default judgments against Defendants Bee Bee Car Service Inc. ("Defendant Bee Bee"), John Doe 1 ("Defendant Doe 1") and John Doe 2 ("Defendant Doe 2"); and (ii) CPLR 3025 (b), granting leave to file and serve an amended summons and verified complaint adding Irebowale O. Talabi as a Defendant. Upon the foregoing papers and for the reasons set forth below, Plaintiff's motion is DENIED, and this action is DISMISSED.

## FACTUAL AND PROCEDURAL HISTORY

This personal injury action was commenced on January 30, 2019, with the filing of a Summons and Verified Complaint. *See* Summons and Verified Complaint, NYSCEF Doc. No. 1. Plaintiff seeks to recover for injuries alleged to have occurred while in a taxi dispatched by

1

[* 1]

Defendant Bee Bee and operated by Irebowale O. Talabi on October 4, 2017, at approximately 7:00 a.m., near 1392 Broadway and Palmetto Street, Brooklyn, New York. *See* Affidavit of Gloria Abramov in Support of Motion ("Abramov Aff. 1"), dated April 25, 2024, at ¶¶3-4, NYSCEF Doc. No. 12 at 11. At this time, place and occurrence, the taxi was struck by an unknown vehicle and the vehicle left the scene of the accident. *See* Affidavit of Merit of Gloria Abramov ("Abramov Aff. 2"), dated April 25, 2024, at ¶¶4-5, NYSCEF Doc. No. 20. Service of the summons and complaint is alleged to have been made on February 19, 2019, at Defendant Bee Bee's place of business at 663 Blake Avenue, Brooklyn, New York. *See* Affidavit of Service, NYSCEF Doc. No. 16.

After Defendant Bee Bee did not interpose an answer within the requisite timeframe, Plaintiff moved for a default judgment on December 18, 2019. *See* Notice of Motion for Default Judgment dated December 18, 2019, NYSCEF Doc. No. 3. By Order of the Honorable Richard J. Montelione dated August 20, 2020, Plaintiff's application for leave to serve supplemental papers in the form of an Affidavit of Merit was granted. Additionally, Plaintiff was directed to provide proof of service of the supplemental papers and the subject order on the adjournment date of the motion. *See* Order of the Hon. Richard J. Montelione dated August 20, 2020, NYSCEF Doc. No. 5. Plaintiff failed to comply, and by Order of the Honorable Richard J. Montelione dated January 19, 2021, Plaintiff's motion for default judgment was denied without prejudice to renew upon filing the proper documents. *See* Order of the Hon. Richard J. Montelione dated January 19, 2021, NYSCEF Doc. No. 7. A review of the record in this case indicates that neither order has been served upon Defendant Bee Bee.

A status conference was held by the Court on March 28, 2024, as the case had been inactive for over one year. *See* Status Conference Notice dated February 29, 2024, NYSCEF Doc. No. 8.

2

[* 2]

Defendant Bee Bee appeared, and a briefing schedule for motion practice was ordered by the Honorable Lawrence Knipel on April 1, 2024. *See* Order of the Hon. Lawrence Knipel dated April 1, 2024, NYSCEF Doc. No. 10. Plaintiff filed the instant motion for default judgment and for leave to add Irebowale O. Talabi as a Defendant. Plaintiff also requested leave to serve an amended summons and complaint. *See* Motion for Default Judgment dated April 26, 2024, NYSCEF Doc. No. 12. Defendant Bee Bee filed opposition papers on October 1, 2024. *See* Affirmation in Opposition dated October 1, 2024, NYSCEF Doc. No. 25. No reply papers have been submitted.

## DISCUSSION

I.  Plaintiff's Motion for Default Judgment is DENIED.

CPLR 320 (a) gives a party personally served twenty (20) days after the date of service to answer a summons and complaint. Failure to answer constitutes grounds for default under CPLR 3215 (a). After a defendant fails to answer, the plaintiff has one year to seek a default judgment pursuant to CPLR 3215 (f). Failure to move for default within one year mandates the court to dismiss the case as abandoned unless the plaintiff shows sufficient cause why the complaint should not be dismissed. *See* CPLR 3215 (c). "The policy behind CPLR 3215 (c) is to prevent parties who have asserted claims from unreasonably delaying the termination of actions, and to avoid inquests on stale claims." *Giglio v. NTIMP, Inc.*, 86 A.D.3d 301, 307 (2d Dep't 2011).

However, "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default in order to avoid dismissal pursuant to CPLR 3215 (c)." *U.S. Bank N.A. v. Dorestant*, 131 A.D.3d 467, 469 (2d Dep't 2015); *see Aurora Loan Servs., LLC v. Gross*, 139 A.D.3d 772, 774 (2d Dep't 2016); *see also Wells Fargo Bank, N.A. v. Daskal*, 142 A.D.3d 1071, 1072-1073 (2d Dep't 2016). Rather, "[a]s long as 'proceedings' are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not

[* 3]

be subject to dismissal." *Brown v. Rosedale Nurseries*, 259 A.D.2d 256, 257 (1st Dep't 1999); *see U.S. Bank, N.A. v. Duran*, 174 A.D.3d 768, 770 (2d Dep't 2019); *Wells Fargo Bank, N.A. v. Lilley*, 154 A.D.3d 795, 796 (2d Dep't 2017); *HSBC Bank USA, N.A. v. Alexander*, 124 A.D.3d 838, 839 (2d Dep't 2015). Further, "[f]ailure to take proceedings for entry of judgment may be excused ... upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action." *Aurora Loan Servs., LLC v. Hiyo*, 130 A.D.3d 763, 764 (2d Dep't 2015); *see Wells Fargo Bank, N.A. v. Bonanno*, 146 A.D.3d 844 (2d Dep't 2017); *HSBC Bank USA, N.A. v. Grella*, 145 A.D.3d 669, 671 (2d Dep't 2016); *HSBC Bank USA, Nat. Ass'n v. Hasis*, 154 A.D.3d 832, 833-34 (2d Dep't 2017).

In the instant action, personal service is alleged to have been effectuated on February 19, 2019, at Defendant Bee Bee's place of business. *See* Affidavit of Service, NYSCEF Doc. No. 16. Plaintiff initially filed the motion for default judgment on December 18, 2019, after Defendant Bee Bee did not answer, well within the one year permitted. *See* Notice of Motion for Default Judgment dated December 18, 2019, NYSCEF Doc. No. 3. However, Plaintiff's papers were deficient, as they were lacking an Affidavit of Merit. *See* Order of the Hon. Richard J. Montelione dated August 20, 2020, NYSCEF Doc. No. 5. Even after being granted a lengthy adjournment to supplement its papers, Plaintiff failed to do so. Accordingly, Plaintiff's motion was denied without prejudice to renew upon submission of the proper documents. *See* Order of the Hon. Richard J. Montelione dated January 19, 2021, NYSCEF Doc. No. 7. There is no indication in the record or in Plaintiff's papers that any attempts were made by Plaintiff to further the proceedings during the period between January 19, 2021 and April 26, 2024, the date that the instant motion was filed. In fact, the only furtherance of this proceeding was a status conference scheduled by the Court in

4

early 2024 due to case inactivity. *See* Status Conference Notice dated February 29, 2024, NYSCEF Doc. No. 8.

On April 26, 2024, over three years later, Plaintiff moved to renew the motion for default judgment by filing the instant motion. However, even now, Plaintiff's motion papers do not establish the default Plaintiff seeks. Plaintiff Abramov's Affidavit of Support and nearly identical Affidavit of Merit[1] are devoid of merit. Not only are the affidavits largely identical, but they do not address the lateness of the current motion. There is only a barebones mention of unavailability when the *prior* motion was filed and adjourned for supplementary papers. Further, as will be discussed below, the affidavits (and supporting affirmation) provide that Plaintiff was unaware of the driver's name at the time the action was filed and that Plaintiff's attempts to obtain this information from Defendant Bee Bee were unsuccessful. *See generally*, Affirmation of Naadiya Yasin in Support of Motion ("Yasin Aff."), dated April 25, 2024, NYSCEF Doc. No. 12 at 4, Abramov Aff. 1, dated April 25, 2024, NYSCEF Doc. No. 12 at 11, and Abramov Aff. 2, dated April 25, 2024, NYSCEF Doc. No. 20.

Specifically, the proffered affidavits provide: "[d]ue to my attorney not being able to get in touch with me, this document was not timely filed," presumably referring to the Affidavit of Merit. The next paragraph of the Affidavit in Support only provides that the requested documents were submitted, therefore entitling Plaintiff to a default judgment. Abramov Aff. 1, dated April 25, 2024, at ¶¶13-14, NYSCEF Doc. No. 12 at 13, and Abramov Aff. 2, dated April 25, 2024, at ¶14, NYSCEF Doc. No. 20. This is the entire extent of Plaintiff's showing regarding Plaintiff's lateness. There is not a single reference in either affidavit of any reason for the years-long delay

---

[1] Upon a review of Plaintiff Abramov's affidavits submitted in support of the motion, it is apparent that they are nearly identical in most respects, apart from some minor language and informational changes. *See* Affidavit of Gloria Abramov in Support of Motion, dated April 25, 2024, NYSCEF Doc. No. 12 at 11, and Affidavit of Merit of Gloria Abramov, dated April 25, 2024, NYSCEF Doc. No. 20.

5

[* 5]

in resubmitting the default motion, including but not limited to, any excuse claimed due to the pendency of the COVID-19 pandemic. Plaintiff's attorney affirmation in support does reference an excuse, but an attorney affirmation is of no evidentiary value. *See Zuckerman v. New York*, 427 N.Y.S.2d 595, 598 (1980).

At this time, Plaintiff has had three opportunities to prove Plaintiff's default, and has failed to demonstrate entitlement under CPLR 3215, even five years after the action was initially commenced. The affidavits submitted do not raise any explanations for the extensive delay in resubmitting the motion for default judgment or requesting leave to amend the action. No cause, let alone sufficient cause, is shown by Plaintiff that prevents Plaintiff's complaint from being dismissed. Plaintiff has simply not proffered any reasonable excuse for the lateness of the latest motion or default judgment. Accordingly, the action must be dismissed pursuant to CPLR 3215 (c).

II. <u>Plaintiff's Motion for Leave to File and Serve an Amended Summons and Complaint is DENIED.</u>

"CPLR 3025 (b) provides that '[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading.'" *Scialdone v. Stepping Stones Assocs., L.P.*, 148 A.D.3d 950, 952 (2d Dep't 2017). Here, Plaintiff does not attach any proposed amended or supplemental pleadings to Plaintiff's motion papers. This ground alone is sufficient for denial of the motion.

Notwithstanding, in considering the merits of the motion to add Irebowale O. Talabi, the driver of the vehicle as a Defendant, the Court notes that Plaintiff asserts, in numerous affidavits and affirmations submitted, including in the Verified Complaint itself, that Plaintiff was unaware of the identity of the driver of the taxi when this action was commenced. Additionally, Plaintiff

6

[* 6]

affirms that Defendant Bee Bee did not provide a response when asked for this information. *See* Verified Complaint at ¶¶5, 8-10, NYSCEF Doc. No. 1, Abramov Aff. 1, dated April 25, 2024, at ¶¶9-10, NYSCEF Doc. No. 12 at 12, and Abramov Aff. 2, dated April 25, 2024, at ¶¶10-11, NYSCEF Doc. No. 20, and Yasin Aff., dated April 25, 2024, at ¶¶10, 13, NYSCEF Doc. No. 12 at 6.

However, in opposition to the instant motion, Defendant Bee Bee submits discovery requests and responses that were exchanged between the parties *before* the action was commenced, as well as an affidavit from Jose Luna Espinal, President of Defendant Bee Bee, who prepared the responses. *See* Pre-Action Discovery Exchanges and Affidavit of Jose Luna Espinal ("Luna Espinal") ("Luna Espinal Aff."), dated September 30, 2024, annexed as Exhibits C and D to Defendant Bee Bee's Affirmation in Opposition, dated October 1, 2024, NYSCEF Doc. No. 25 at 14-26. In his affidavit, Luna Espinal provides that he was first contacted by Plaintiff's attorneys on or about November 3, 2017, by facsimile. *See Id*. at 15-17, 25. Luna Espinal further provides that he responded on November 10, 2017, per the correspondence annexed, requesting additional information to enable him to process Plaintiff's request. *See Id*. at 18. On February 7, 2018, Plaintiff responded with the information requested, and Luna Espinal provided the driver's name and insurance company on February 15, 2018. *See Id*. at 19-23. The Court notes that Plaintiff did not appear on the return date of the motion, October 22, 2024, or thereafter, to request an additional adjournment to submit additional papers. Moreover, Plaintiff did not submit an affirmation in reply in response to this showing. Thus, while Plaintiff asserts that this amendment is necessary because it was unaware of the identity of the driver of the vehicle in which Plaintiff was seated at the time of the alleged accident until "recently," this has been disproven by Defendant's Bee Bee's showing in its opposition papers.

7

Lastly, Plaintiff cites *Buran v. Coupal,* 638 N.Y.S.2d 405, 408 (1995), presumably for the proposition that an amendment should be permitted when a mistake or excusable mistake has prevented an additional party from being named in the action. *See* Yasin Aff., dated April 25, 2024, at ¶13, NYSCEF Doc. No. 12 at 6. That is not the case here. Plaintiff specifically requested and received the driver's name before bringing this action and for whatever reason, this information was not acted upon. Even now, years later, Plaintiff does not acknowledge possession of this information, despite evidence to the contrary. Rather, Plaintiff's papers inexplicably provide that Defendant Bee Bee was uncooperative with providing the information. Accordingly, this prong of Plaintiff's motion must also be denied.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Default is DENIED in its entirety, and this action is DISMISSED. Plaintiff is directed to serve this order with notice of its entry within twenty (20) days.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Carolyn Walker-Diallo, J.S.C.

Date: December 23, 2024

8