Wilmington Trust, N.A. v Santiago (2026 NY Slip Op 01555)

Wilmington Trust, N.A. v Santiago

2026 NY Slip Op 01555

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-05473
2023-05475
 (Index No. 4132/16)

[*1]Wilmington Trust, National Association, etc., respondent, 
vJose Santiago, et al., appellants, et al., defendants.

Brain McCaffrey Attorney at Law, P.C., Jamaica, NY, for appellants.
Day Pitney LLP, New York, NY (Christina A. Livorsi and Catherine Welker of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jose Santiago and Rita Santiago appeal from two orders of the Supreme Court, Nassau County (David P. Sullivan, J.), both entered May 4, 2023. The first order, insofar as appealed from, upon reargument, in effect, vacated so much of an order of the same court dated December 9, 2022, as denied those branches of the plaintiff's motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendants Jose Santiago and Rita Santiago, and for an order of reference, and, in effect, granted that branch of the cross-motion of the defendants Jose Santiago and Rita Santiago which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, and thereupon granted those branches of the motion and, in effect, denied that branch of the cross-motion. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendants Jose Santiago and Rita Santiago, and for an order of reference.
ORDERED that the orders entered May 4, 2023, are affirmed insofar as appealed from, with one bill of costs.
On June 7, 2016, the plaintiff commenced this action against the defendants Jose Santiago and Rita Santiago (hereinafter together the defendants), among others, to foreclose a mortgage on certain real property located in Hicksville. The defendants failed to answer the complaint. On October 28, 2016, the plaintiff filed a request for judicial intervention (hereinafter RJI) seeking a foreclosure settlement conference, and mandatory settlement conferences were held in November 2016 and March 2017. A delay in prosecuting the action followed. In September 2022, the plaintiff moved, inter alia, to restore the action to the active calendar, for leave to enter a default judgment against the defendants, and for an order of reference. Thereafter, an attorney filed a notice of appearance on behalf of the defendants, and the defendants cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In an order dated December 9, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were to restore the action to the active calendar, for leave [*2]to enter a default judgment against the defendants, and for an order of reference, and, in effect, granted that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
In January 2023, the plaintiff moved for leave to reargue its prior motion and, in effect, its opposition to that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In an order entered May 4, 2023, the Supreme Court, among other things, granted leave to reargue and, upon reargument, granted those branches of the plaintiff's prior motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendants, and for an order of reference, and, in effect, denied that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In a second order entered May 4, 2023, the court, inter alia, granted those branches of the plaintiff's prior motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendants, and for an order of reference. The defendants appeal.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a defendant's] default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." "To avoid dismissal pursuant to CPLR 3215(c), '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469). "Rather, 'as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal'" (id., quoting Brown v Rosedale Nurseries, 259 AD2d 256, 257).
Here, the plaintiff demonstrated that, within one year after the defendants' default, it filed an RJI that sought a foreclosure settlement conference within the action as mandated by CPLR 3408. "'Where, as here, a settlement conference is a necessary prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]), a formal judicial request for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes proceedings for [the] entry of judgment within the meaning of CPLR 3215(c)'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 790 [internal quotation marks omitted], quoting Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714). Contrary to the defendants' contention, the plaintiff's failure to file the RJI at the time it filed proof of service of the summons and complaint as required by 22 NYCRR 202.12-a(b)(1) "'is beside the point, as the mere presentment of [the RJI] established the plaintiff's intent to proceed toward the entry of judgment and not to abandon the action'" (MidFirst Bank v Morris, 221 AD3d 889, 890, quoting Citibank, N.A. v Kerszko, 203 AD3d 42, 52). Moreover, "once the plaintiff established that it had initiated proceedings for the entry of a judgment within one year after the defendants' default, it was in compliance with CPLR 3215(c) and it was not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c)" (Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Accordingly, upon reargument, the Supreme Court properly granted those branches of the plaintiff's prior motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendants, and for an order of reference, and, in effect, denied that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court