Citimortgage, Inc. v Zaibak (2020 NY Slip Op 06744)





Citimortgage, Inc. v Zaibak


2020 NY Slip Op 06744


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-12583
 (Index No. 511227/14)

[*1]Citimortgage, Inc., respondent, 
v
Victour Zaibak, et al., appellants, et al., defendants.


Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for appellants.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Victour Zaibak and Alla Cherenkova appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 25, 2017. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 26, 2014, the plaintiff commenced this action to foreclose a mortgage. On December 12, 2014, the defendants Victour Zaibak and Alla Cherenkova (hereinafter together the defendants) were served pursuant to CPLR 308(2), but did not interpose an answer to the complaint. On February 3, 2015, the plaintiff filed a request for judicial intervention. Mandatory foreclosure settlement conferences were held thereafter and the matter was eventually released from the foreclosure settlement conference part on April 22, 2015. On November 28, 2016, the defendants moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. In an order dated September 25, 2017, the Supreme Court denied that branch of the defendants' motion. The defendants appeal.
CPLR 3215(c) provides: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default" (US Bank N.A. v Dorestant, 131 AD3d 467, 469; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774). Rather, "[a]s long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [internal quotation marks omitted]; see U.S. Bank, N.A. v Duran, 174 AD3d 768, 768-769; Wells Fargo Bank, N.A. v Lilley, 154 AD3d 795, 796; HSBC Bank USA, N.A. v Alexander, 124 AD3d 838, 839).
Here, in opposition to the defendants' motion, the plaintiff demonstrated that, within one year after the defendants' default, it filed a request for judicial intervention which sought a [*2]"mortgage foreclosure" on the subject property and a foreclosure settlement conference as mandated by CPLR 3408. Where, as here, a settlement conference is a necessary prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]), a formal judicial request for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes "proceedings for entry of judgment" within the meaning of CPLR 3215(c) (see U.S. Bank, N.A. v Duran, 174 AD3d at 768-769; Aurora Loan Servs., LLC v Gross, 139 AD3d at 774; accord BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995-996; Utak v Commerce Bank Inc., 88 AD3d 522, 522). Since the plaintiff demonstrated that it initiated proceedings for the entry of a judgment of foreclosure and sale within one year after the defendants' default, it was not required to proffer a reasonable excuse or demonstrate a potentially meritorious cause of action (see CPLR 3215[c]; cf. Bank of Am., N.A. v Santos, 175 AD3d 449, 450; U.S. Bank N.A. v White, 174 AD3d 764, 765). Furthermore, contrary to the defendants' contention, once the plaintiff established that it had initiated proceedings for the entry of a judgment within one year after the defendants' default, it was in compliance with CPLR 3215(c) and it was not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c) (see generally BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d at 995-996; Utak v Commerce Bank Inc., 88 AD3d at 522; cf. CPLR 3216, 3404). Accordingly, under the circumstances, we agree with the Supreme Court's denial of that branch of the defendants' motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court