SC Bromley 1, LLC v Sherman (2022 NY Slip Op 00326)





SC Bromley 1, LLC v Sherman


2022 NY Slip Op 00326


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-14770
 (Index No. 7283/09)

[*1]SC Bromley 1, LLC, respondent,
v
Linda Sherman, etc., et al., defendants, Johnnie Faulcon, etc., appellant.


Johnnie Faulcon, Laurelton, NY, appellant pro se.
Zeichner Ellman & Krause LLP, New York, NY (Philip S. Rosen, David S. S. Hamilton, and Daniel Park of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Johnnie Faulcon appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 9, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action to foreclose a mortgage was originally commenced against, among others, the mortgagor after she had died, apparently intestate. The summons and complaint were thereafter served on the mortgagor's heirs, including the appellant, her son Johnnie Faulcon. The plaintiff's motion, inter alia, to discontinue the action against the mortgagor was granted, and thereafter, the appellant's motion to vacate his default and for leave to serve a late answer was granted. In the order appealed from, the Supreme Court, inter alia, granted those branches of plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellant, to strike the appellant's answer, and for an order of reference, and denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. We affirm.
While the action was a legal nullity insofar as asserted against the deceased mortgagor, because she died intestate, title to the real property automatically vested in her distributees, and the action, which does not seek a deficiency judgment against them, was therefore properly commenced directly against the distributees (see Federal Natl. Mtge. Assn. v Tudor, 185 AD3d 905, 906; U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747).
The appellant's argument that the action was subject to dismissal pursuant to CPLR 3215(c) was properly rejected, as the record establishes that the plaintiff initiated proceedings for the entry of a judgment within one year of the appellant's failure to appear in the action or answer the complaint (see Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; U.S Bank, N.A. v Duran, 174 [*2]AD3d 768, 770).
The appellant's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court