US Bank N.A. v Jerriho-Cadogan (2024 NY Slip Op 00790)

US Bank N.A. v Jerriho-Cadogan

2024 NY Slip Op 00790

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-01594
 (Index No. 21770/10)

[*1]US Bank National Association, appellant, 
v
Nicole Jerriho-Cadogan, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 14, 2017. The order, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and directed the cancellation and discharge of the notice of pendency filed against the subject property.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of the plaintiff's motion, inter alia, for leave to enter a default judgment.
In September 2010, the plaintiff commenced this action against the defendants Nicole Jerriho-Cadogan and Blossom Mingo (hereinafter together the defendants), among others, to foreclose a mortgage on certain property located in Brooklyn. Though served with the summons and complaint, the defendants did not interpose an answer. On November 22, 2010, the plaintiff filed a request for judicial intervention, and mandatory foreclosure settlement conferences were held in January and February 2011. A delay in prosecuting the action followed, and the Supreme Court issued a conditional order dated April 29, 2014, directing dismissal of the complaint pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for the entry of judgment within 90 days. The plaintiff took no action until November 2015, when it filed an affirmation, inter alia, affirming the factual accuracy of the allegations in the complaint. The plaintiff also moved, among other things, to restore the case to the calendar. In an order dated March 3, 2016, the court granted the motion to the extent of restoring the case to the calendar. The plaintiff then moved for leave to enter a default judgment, and the court denied the motion without prejudice by order dated May 12, 2016, with leave to refile upon showing a reasonable excuse for the delay in timely moving for leave to enter a default judgment. In April 2017, the plaintiff filed a successive motion, among other things, for leave to enter a default judgment and for an order of reference. The defendants did not oppose the motion. By order dated November 14, 2017, the court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) and directed the cancellation and discharge of the notice of pendency filed against the subject property. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be [*2]dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default" (US Bank N.A. v Dorestant, 131 AD3d 467, 469; see Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774). Rather, "as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal" (Brown v Rosedale Nurseries, 259 AD2d 256, 257 [alterations and internal quotation marks omitted]; see U.S. Bank, N.A. v Duran, 174 AD3d 768, 770).
Here, the plaintiff demonstrated that, within one year after the defendants' default, it filed a request for judicial intervention which sought a foreclosure settlement conference within the foreclosure action as mandated by CPLR 3408. "Where, as here, a settlement conference is a necessary prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]), a formal judicial request for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes 'proceedings for entry of judgment' within the meaning of CPLR 3215(c)" (Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; see U.S. Bank, N.A. v Duran, 174 AD3d at 770; Aurora Loan Servs., LLC v Gross, 139 AD3d at 774). Since the plaintiff demonstrated that it initiated proceedings for the entry of a judgment of foreclosure and sale within one year after the defendants' default, it was not required to proffer a reasonable excuse or demonstrate a potentially meritorious cause of action (see CPLR 3215[c]; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Accordingly, under the circumstances, the Supreme Court should not have, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c).
Since the Supreme Court did not consider the merits of the plaintiff's motion, inter alia, for leave to enter a default judgment, the matter should be remitted to the Supreme Court, Kings County, for a determination on the merits of the motion (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 558; Bank of Am., N.A. v Lucido, 163 AD3d 614, 616).
BRATHWAITE NELSON, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court