## Ordaz v Paul Maslin Co. LLC

2025 NY Slip Op 31310(U)

April 16, 2025

Supreme Court, New York County

Docket Number: Index No. 154480/2023

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. HASA A. KINGO**        **PART**        **05M**

*Justice*

-------------------------------------------------------------------------------X

JESUS ORDAZ,

|  |  |  |
|---|---|---|
| **INDEX NO.** | | 154480/2023 |
| **MOTION DATE** | | 03/25/2025 |
| **MOTION SEQ. NO.** | | 002 |

Plaintiff,

- v -

PAUL MASLIN CO. LLC, MIRMAR MANAGEMENT CORP.,
YUMMILICIOUS DELI CORP, THE CITY OF NEW YORK,
MIRIMAR MANAGEMENT CORP.

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion for                DEFAULT JUDGMENT      .

Plaintiff Jesus Ordaz ("Plaintiff") seeks an order pursuant to CPLR §3215 directing that a default judgment be entered against defendant YUMMILICIOUS DELI CORP. on the issue of liability. In addition, the motion seeks that the matter be referred for an inquest to assess damages—including costs, disbursements, and reasonable attorneys' fees at trial—to the trial judge, along with any further relief the court deems just, proper, and equitable.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises from an incident occurring on or about October 17, 2022, when Plaintiff sustained personal injuries on the sidewalk/walkway located in front of the property known as 4119 Broadway, Store 3, New York, New York. Plaintiff alleges that the injuries were caused by a defective condition of the premises for which defendant YUMMILICIOUSDELI CORP. may bear direct responsibility.

Plaintiff commenced this action on or about May 17, 2023, by filing a summons and verified complaint and subsequently filing an amended verified complaint on or about June 5, 2023 (Exhibit "1"). Plaintiff's claims are further supported by an affirmation of merit dated March 5, 2025. Service was properly effected on defendants as follows:

- Defendant PAUL MASLIN CO. LLC, MIRMAR MANAGEMENT CORP., and MIRIMAR MANAGEMENT CORP. timely answered the amended complaint (*see* Exhibit "2").
- Defendant THE CITY OF NEW YORK filed an answer on or about July 27, 2023.

- Defendant YUMMILICIOUS DELI CORP. was served with copies of the summons and verified complaint on May 26, 2023 (Exhibit "3") and with the amended complaint on June 28, 2023 (Exhibit "4") pursuant to CPLR §308(2). In addition, on August 25, 2023, defendant YUMMILICIOUS DELI CORP. was again served by certified mail with a good faith letter notice of default at its last known address (Exhibit "5").

To date, defendant YUMMILICIOUS DELI CORP. has failed to answer or otherwise appear in this action. No request for an extension of time to respond has been made or granted, and defendant remains in default.

Previously, a similar motion filed on September 14, 2023, seeking default judgment against defendant YUMMILICIOUS DELI CORP. was denied without prejudice by this court (*see* order order dated January 2, 2024, Exhibit "6") because additional proof of liability was required (*see Feffer v. Malpeso*, 210 AD2d 60 [1st Dept 1994]). Plaintiff now resubmits this motion with further supporting evidence—namely, documentation evidencing the defendant's contractual assumption of maintenance responsibilities for the sidewalk, including the tender letter and lease documents (Exhibits "7" and "8").

## DISCUSSION

Under CPLR §3215, when a defendant fails to appear, plead, or otherwise proceed, a plaintiff is entitled to a default judgment provided that (1) proper service is made, (2) the facts constituting the cause of action are set forth, and (3) the defendant's default is clearly established. The standard for entry of a default judgment is well articulated in cases such as *Gantt v. North Shore–LIJ Health Sys.*, 140 AD3d 418 (1st Dept 2016), and further elucidated in *PV Holding Corp. v. AB Quality Health Supply Corp.*, 189 AD3d 645 (1st Dept 2020) and *Triangle Props. #2, LLC v. Narang*, 73 AD3d 1030 (2d Dept 2010). Moreover, unless the defendant demonstrates a justifiable excuse along with a meritorious defense—as held in *Juseinoski v. Board of Educ. of City of N.Y.*, 15 AD3d 353 (2d Dept 2005)—entry of default judgment is warranted.

### I.      Proof of Proper Service and Default

Here, the record contains extensive evidence that defendant YUMMILICIOUS DELI CORP. was properly served on May 26, 2023, again on June 28, 2023, and once more on August 25, 2023, via certified mail (Exhibits "3," "4," and "5"). The defendant's failure to respond within the statutory timeframe unequivocally places it in default pursuant to CPLR §3215(a) and (b).

### II.     Proof of the Facts Constituting the Claim

Plaintiff's affirmation of merit and accompanying exhibits establish that on or about October 17, 2022, Plaintiff sustained significant injuries arising from a dangerous condition on the sidewalk in front of the premises known as 4119 Broadway, Store 3. In addition, the record now includes a tender letter from counsel for the non-defaulting defendants (Exhibit "7") and lease documents (Exhibit "8"), which indicate that defendant YUMMILICIOUS DELI CORP. assumed comprehensive responsibility for maintaining and repairing the sidewalk pursuant to the lease. Courts have recognized that when a tenant or contractor assumes the exclusive duty to maintain

**154480/2023   ORDAZ, JESUS vs. PAUL MASLIN CO. LLC ET AL**                                    **Page 2 of 4**
**Motion No.  002**

[* 2]                                                              2 of 4

premises, that assumption creates a heightened duty of care and potential liability for any breach resulting in injury (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

### III. Consideration of Pervious Denial and Subsequent Compliance with CPLR §3215(c)

Although an earlier motion was denied for insufficient proof of liability, Plaintiff's current submission satisfies the additional evidentiary requirement by providing clear, corroborative documentation of defendant YUMMILICIOUS DELI CORP.'s assumption of responsibility. Moreover, as discussed in *Citimortgage, Inc. v. Zaibak*, 188 AD3d 982 (2d Dept 2020) and related cases, the filing of this motion within the one-year period from the defendant's default—combined with Plaintiff's intent to proceed—adequately satisfies CPLR §3215(c) requirements.

### IV. Inquest on Damages

While the pleadings establish liability on the uncontested issues, the record does not fix the exact amount of damages. Consistent with established practice in default cases, an inquest to assess damages at the time of trial is appropriate. This approach ensures that the determination of Plaintiff's losses—spanning medical expenses, pain and suffering, and other compensable damages—is conducted with a full evidentiary record.

Given the record, the court finds that: 1) Defendant YUMMILICIOUS DELI CORP. was properly served, has failed to answer or appear, and is clearly in default; 2) Plaintiff has sufficiently pled and now further demonstrated a prima facie case for liability based on both the incident and the defendant's assumed maintenance duty; and 3) There is no indication that defendant YUMMILICIOUS DELI CORP. will provide any justifiable excuse or demonstrate a meritorious defense.

Accordingly, the court finds that all requisite elements for a default judgment under CPLR §3215 have been met. The judgment on liability may therefore be entered against defendant YUMMILICIOUS DELI CORP. with the understanding that the determination of damages and associated costs shall be deferred to an inquest at the time of trial.

Accordingly, it is hereby

ORDERED that Plaintiff's motion for default judgment against defendant YUMMILICIOUS DELI CORP. is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to enter a judgment on liability in favor of Plaintiff Jesus Ordaz and against defendant YUMMILICIOUS DELI CORP.; and it is further

ORDERED that an inquest shall be set at the time of trial to determine the amount of damages recoverable by Plaintiff—including costs, disbursements, and reasonable attorneys' fees—against defendant YUMMILICIOUS DELI CORP.; and it is further

**154480/2023   ORDAZ, JESUS vs. PAUL MASLIN CO. LLC ET AL**                    **Page 3 of 4**
**Motion No.  002**

[* 3]

3 of 4

ORDERED that Plaintiff is further directed to serve a copy of this order with notice of entry upon defendant YUMMILICIOUS DELI CORP. within ten (10) days of its entry.

This constitutes the decision and order of the court.

<u>**4/16/2025**</u>
**DATE**

20250416165814HKINGO396F9X410F244998A6D2523D0D4889C

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154480/2023   ORDAZ, JESUS vs. PAUL MASLIN CO. LLC ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]