Federal Natl. Mtge. Assn. v Bandhu (2025 NY Slip Op 03554)

Federal Natl. Mtge. Assn. v Bandhu

2025 NY Slip Op 03554

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-02583
 (Index No. 19592/10)

[*1]Federal National Mortgage Association, plaintiff, 
v
Brijwattie Bandhu, et al., defendants; U.S. Bank Trust, N.A., etc., nonparty-appellant; Evurich Pitkin, LLC, nonparty-respondent.

Fein, Such & Crane, LLP (Day Pitney LLP, New York, NY [Alfred W. J. Marks and Gregory R. Bruno], of counsel), for nonparty-appellant.
Menashe & Lapa LLP, Montebello, NY (David Lapa of counsel), for nonparty-respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, nonparty U.S. Bank Trust, N.A., appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated November 17, 2022. The order, insofar as appealed from, denied those branches of the motion of nonparty U.S. Bank Trust, N.A., which were for leave to renew the plaintiff's prior motion for an order of reference, which had been denied as academic in an order of the same court dated November 19, 2014, and to restore the action to the calendar.
ORDERED that the order dated November 17, 2022, is affirmed insofar as appealed from, with costs.
In June 2008, the defendant Brijwattie Bandhu (hereinafter the defendant) borrowed the sum of $600,000, secured by a mortgage on certain real property located in Brooklyn. On August 6, 2010, the plaintiff commenced this action, inter alia, to foreclose the mortgage.
On August 26, 2010, the plaintiff filed a request for judicial intervention requesting the scheduling of the settlement conference required by CPLR 3408 in a mortgage foreclosure action. The defendant did not appear or answer the complaint, and on September 9, 2010, the defendant's time to do so expired (see id. § 308[2]). On November 1, 2010, the Supreme Court released the action from the foreclosure settlement conference part and advised the plaintiff that it could proceed with the action.
By deed dated July 9, 2012, the defendant transferred title to the property to Evurich Pitkin, LLC.
On June 28, 2013, the plaintiff moved for an order of reference. In an order dated November 19, 2014, the Supreme Court directed dismissal of the complaint pursuant to CPLR 3215(c) and denied the plaintiff's motion as academic.
On August 30, 2016, the plaintiff commenced a new action, inter alia, to foreclose the mortgage (hereinafter the 2016 action). The defendant interposed an answer, asserting, among other things, an affirmative defense that the 2016 action was time-barred. On February 14, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint in the 2016 action insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated June 25, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order dated July 24, 2019, the court, inter alia, upon reargument, in effect, granted the defendant's motion, in effect, to vacate so much of the June 25, 2018 order as granted those branches of the plaintiff's motion, and, thereupon, to deny those branches of the plaintiff's motion and for summary judgment dismissing the complaint in the 2016 action insofar as asserted against her as time-barred. The plaintiff appealed from the July 24, 2019 order, and this Court affirmed that order (see Federal Natl. Mtge. Assn. v Bandhu, 214 AD3d 705).
On or about November 30, 2021, while the appeal in the 2016 action was pending, the plaintiff's assignee, nonparty U.S. Bank Trust, N.A. (hereinafter the appellant), moved in the instant action, inter alia, for leave to renew the plaintiff's prior motion for an order of reference and to restore the action to the calendar, on the ground that Citimortgage, Inc. v Zaibak (188 AD3d 982, 983) constituted a change in the law that would change the Supreme Court's determination in the order dated November 19, 2014, directing dismissal of the complaint pursuant to CPLR 3215(c). In an order dated November 17, 2022, the court, among other things, denied those branches of the appellant's motion. This appeal ensued.
The Supreme Court properly denied those branches of the appellant's motion which were for leave to renew the plaintiff's prior motion for an order of reference and to restore the action to the calendar, because the appellant failed to offer new facts or demonstrate a change in the law that would change the court's prior determination (see Citimortgage, Inc. v Sparozic, 223 AD3d 867, 868; US Bank N.A. v Lawson, 170 AD3d 1068, 1070). The plaintiff failed to demonstrate that it took proceedings for a judgment within "one year after" the defendant's default (CPLR 3215[c]). "The one-year statutory time frame is not one year from the commencement of the action, but one year from when the defendant's answer or responsive motion was due, which itself is measured from when service is deemed complete" (Citibank, N.A. v Kerszko, 203 AD3d 42, 49). Here, as the appellant concedes, the plaintiff filed a request for judicial intervention seeking a mandatory foreclosure settlement conference prior to the defendant's default in this action (cf. Citimortgage, Inc. v Zaibak, 188 AD3d at 983). In light of the foregoing, this Court does not reach the parties' contentions regarding whether Citimortgage, Inc. v Zaibak constituted a change in the law within the meaning of CPLR 2221(e).
The parties' remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court