U.S. Bank Trust N.A. v Nieves (2025 NY Slip Op 03837)

U.S. Bank Trust N.A. v Nieves

2025 NY Slip Op 03837

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-01146
 (Index No. 602798/20)

[*1]U.S. Bank Trust National Association, etc., appellant,
v
Alexander Nieves, et al., defendants; Worldwide Improvements, Inc., nonparty-respondent.

Friedman Vartolo LLP, New York, NY (Zachary Gold of counsel), for appellant.
Paula A. Miller, P.C., Smithtown, NY, for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated December 27, 2022. The order, insofar as appealed from, granted that branch of the cross-motion of nonparty Worldwide Improvements, Inc., which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendants Alexander Nieves and Jennifer A. Nieves as abandoned and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against all of the defendants except the defendants Alexander Nieves and Jennifer A. Nieves is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross-motion of nonparty Worldwide Improvements, Inc., which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendants Alexander Nieves and Jennifer A. Nieves as abandoned is denied.
In February 2020, the plaintiff commenced this action against the defendants Alexander Nieves and Jennifer A. Nieves (hereinafter together the borrowers), among others, to foreclose a mortgage on certain property located in Suffolk County. Though personally served with process in February and March 2020, the borrowers did not appear or answer the complaint. On June 24, 2020, the plaintiff filed a request for judicial intervention requesting a residential mortgage foreclosure settlement conference. Foreclosure settlement conferences were held, and the action was released from the foreclosure settlement conference part on March 11, 2021. In February 2022, the borrowers transferred title to the property to nonparty Worldwide Improvements, Inc. (hereinafter Worldwide). In June 2022, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. Pursuant to CPLR 1018, Worldwide, as successor to the borrowers' interest in the property, opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the borrowers as abandoned. In an order dated December 27, 2022, the Supreme Court, inter alia, granted that branch [*2]of Worldwide's cross-motion and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants pursuant to CPLR 3215(c). The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789 [internal quotation marks omitted]; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714). "Rather, 'as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 789, quoting Brown v Rosedale Nurseries, 259 AD2d 256, 257; see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 621).
Here, the plaintiff demonstrated that within one year after the borrowers' default, it filed a request for judicial intervention that sought a residential mortgage foreclosure settlement conference as mandated by CPLR 3408. "'Where, as here, a settlement conference is a necessary prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]), a formal judicial request for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes "proceedings for entry of judgment" within the meaning of CPLR 3215(c)'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 790, quoting Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d at 714; SC Bromley 1, LLC v Sherman, 201 AD3d 832, 833; U.S. Bank, N.A. v Duran, 174 AD3d 768, 770).
Since the plaintiff demonstrated that it initiated proceedings for the entry of a judgment of foreclosure and sale within one year after the borrowers' default, it was not required to proffer a reasonable excuse or demonstrate a potentially meritorious cause of action (see CPLR 3215[c]; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Accordingly, the Supreme Court should have denied that branch of Worldwide's cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the borrowers, and should not have, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants pursuant to CPLR 3215(c).
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court