U.S. Bank N.A. v Newson (2025 NY Slip Op 04269)

U.S. Bank N.A. v Newson

2025 NY Slip Op 04269

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-10269
 (Index No. 209/15)

[*1]U.S. Bank National Association, etc., appellant,
v
Gregory Newson, respondent, et al., defendants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Catherine Gran and Charles Jeanfreau of counsel), for appellant.
Sondak Law Group, PLLC, New York, NY (Alisa Sondak of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered October 11, 2022. The order, insofar as appealed from, granted the motion of the defendant Gregory Newson pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted him as abandoned.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Gregory Newson pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is denied.
In January 2015, the plaintiff commenced this action against the defendant Gregory Newson (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Roosevelt. Although served with the summons and complaint, the defendant did not interpose an answer or otherwise appear.
On June 9, 2015, the plaintiff filed a request for judicial intervention requesting a foreclosure settlement conference. Foreclosure settlement conferences were held, and the matter was released from the foreclosure settlement conference part. In January 2022, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant did not oppose the motion. In an order dated May 12, 2022, the Supreme Court granted those branches of the plaintiff's unopposed motion.
Thereafter, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order entered October 11, 2022, the Supreme Court, among other things, granted the motion. The plaintiff appeals.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), "[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default" (U.S. Bank N.A. v Dorestant, 131 [*2]AD3d 467, 469; see U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 789). "Rather, 'as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal'" (U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 789, quoting Brown v Rosedale Nurseries, 259 AD2d 256, 257).
Here, the plaintiff demonstrated that, within one year after the defendant's default, the plaintiff filed a request for judicial intervention that sought a foreclosure settlement conference as mandated by CPLR 3408. "Where, as here, a settlement conference is a necessary prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]), a formal judicial request for such a conference in connection with an ongoing demand for the ultimate relief sought in the complaint constitutes 'proceedings for entry of judgment' within the meaning of CPLR 3215(c)" (Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983; see U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714; U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d at 790). Since the plaintiff demonstrated that it initiated proceedings for the entry of a judgment of foreclosure and sale within one year after the defendant's default, it was not required to proffer a reasonable excuse or to demonstrate a potentially meritorious cause of action (see CPLR 3215[c]; Citimortgage, Inc. v Zaibak, 188 AD3d at 983).
Accordingly, under the circumstances, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court