U.S. Bank N.A. v Heimiller (2025 NY Slip Op 05549)

U.S. Bank N.A. v Heimiller

2025 NY Slip Op 05549

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09885
 (Index No. 613691/18)

[*1]U.S. Bank N.A., etc., appellant, 
v
Ellen Heimiller, etc., et al., defendants.

Friedman Vartolo, LLP, Garden City, NY (Ronald P. Labeck of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated February 27, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to amend the caption to substitute "Unknown Heirs of Ellen Heimiller" and "Unknown Heirs of Robert E. Heimiller" as defendants in place of the defendant Ellen Heimiller and, sua sponte, directed dismissal of the complaint for lack of subject matter jurisdiction.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint for lack of subject matter jurisdiction is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was to amend the caption to substitute "Unknown Heirs of Ellen Heimiller" and "Unknown Heirs of Robert E. Heimiller" as defendants in place of the defendant Ellen Heimiller is granted.
In July 2018, the plaintiff commenced this action against the defendant Ellen Heimiller, as administrator and heir of the estate of the deceased mortgagor, Robert E. Heimiller (hereinafter the decedent), and the defendant Bobby Heimiller, as heir of the estate of the decedent, among others, to foreclose a mortgage on certain real property located in Suffolk County. Upon attempting to serve Ellen at the property, the process server was advised that Ellen was deceased. The decedent and Ellen died intestate, and Bobby, their son, was their sole heir.
The plaintiff moved, inter alia, to amend the caption to substitute "Unknown Heirs of Ellen Heimiller" and "Unknown Heirs of Robert E. Heimiller" in place of Ellen pursuant to CPLR 1015. In an order dated February 27, 2023, the Supreme Court, among other things, denied that branch of the motion and, sua sponte, directed dismissal of the complaint for lack of subject matter jurisdiction. The plaintiff appeals.
"An action commenced against a deceased defendant is a nullity only insofar as asserted against that defendant, not insofar as asserted against other defendants" (Wells Fargo Bank, N.A. v Dhanani, 201 AD3d 1005, 1007). Here, although the action was a nullity insofar as asserted [*2]against Ellen, it was not a nullity insofar as asserted against Bobby and the other defendants (see id.; SC Bromley I, LLC v Sherman, 201 AD3d 832, 832-833). Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint insofar as asserted against them for lack of subject matter jurisdiction.
Moreover, "[w]here a property owner dies intestate, title to real property is automatically vested in his or her distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747; see SC Bromley I, LLC v Sherman, 201 AD3d at 832). "Thus, where a mortgagor/property owner dies intestate and the mortgagee does not seek a deficiency judgment, generally a foreclosure action may be commenced directly against the distributees" (U.S. Bank Trust, N.A. v Gedeon, 181 AD3d at 747; see SC Bromley I, LLC v Sherman, 201 AD3d at 832-833). Here, because both the decedent and Ellen died intestate, and because the plaintiff no longer seeks a deficiency judgment, the decedent's estate was not a necessary party, and the plaintiff could proceed directly against the distributees of the decedent and Ellen (see SC Bromley I, LLC v Sherman, 201 AD3d at 832-833). Therefore, the Supreme Court should have granted that branch of the plaintiff's motion which was to amend the caption to substitute "Unknown Heirs of Ellen Heimiller" and "Unknown Heirs of Robert E. Heimiller" in place of Ellen.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court