Municipal Credit Union v Thomas (2025 NY Slip Op 06260)

Municipal Credit Union v Thomas

2025 NY Slip Op 06260

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 802289/22|Appeal No. 4714-4714A|Case No. 2025-03118|

[*1]Municipal Credit Union, Plaintiff-Respondent,
v
Kim Thomas Also Known as Kim White etc., et al., Defendants. West Fork Funding, LLC, etc., et al., Nonparty Appellants.

Rosenberg Fortuna & Laitman, LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, Port Chester (Robert T. Yusko of counsel), for respondent.

Judgment of foreclosure and sale, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about February 19, 2025, and bringing up for review an order, same court and Justice, entered on or about February 18, 2025, which granted plaintiff's motion for a judgment of foreclosure and sale and confirmed the referee's report, and bringing up for review an order, same court and Justice, entered on or about February 18, 2025, which denied nonparty appellant West Fork Funding, LLC's cross-motion under CPLR 3215(c) to dismiss the foreclosure action as abandoned, unanimously reversed, on the law, without costs, plaintiff's motion denied, nonparty appellant's cross-motion granted, judgment of foreclosure vacated, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Facts
Edward Watkins, now deceased, obtained a loan from plaintiff Municipal Credit Union and used a mortgage securing a condominium property located in the Bronx as collateral for the loan. After Watkins died on or about January 25, 2019, his estate failed to make payments to the condominium for common charges. Prior to commencing the foreclosure action, plaintiff learned that Watkins died, and that Kim Thomas was appointed as the executrix of Watkins's estate on or about March 18, 2019. As a result, on February 14, 2022, plaintiff commenced this action against, among others, Kim Thomas as executrix of the estate of Edward Watkins. Plaintiff filed a notice of pendency that same day. On March 11, 2022, Thomas was served with the summons and complaint but did not appear. On May 10, 2022, plaintiff filed a request for judicial intervention with the Bronx County Clerk, dated April 20, 2022, seeking a CPLR 3408 mandatory settlement conference. The record contains plaintiff's letters to the court, dated October 14, 2022, July 25, 2023, and October 18, 2023, again seeking a settlement conference to "explore workout options with the above referenced borrower." The record also contains court notices scheduling a "Mandatory Settlement Conference" on February 1, 2024, and a court notice adjourning the "Mandatory Settlement Conference" to April 25, 2024. Plaintiff participated in the conference on April 25, 2024, and received an order that day releasing this action from the settlement conference part.
On April 22, 2024, three days before that order was issued, appellant nonparty West Fork Funding, LLC acquired title to the property pursuant to a referee's deed issued in a foreclosure action brought by the Board of Managers of Boatyard Condominium to enforce a lien for common charges.
By letter dated May 22, 2024, plaintiff requested a 60-day extension of time to file a motion for an order of reference. On June 25, 2024, plaintiff moved for a default judgment against the nonappearing defendants and for an order of reference. Supreme Court granted the motion by order dated August 19, 2024, and directed that it be served "upon the owner of the equity of redemption," which, as of April 22, 2024, was West Fork. Plaintiff did not serve the order upon West Fork.
On September 9, 2024, plaintiff moved for a judgment of foreclosure and sale. In connection with that motion, plaintiff submitted an attorney affirmation regarding compliance with CPLR 3408.
Discussion
The motion court should have considered appellant's opposition to this motion and its cross-motion to dismiss under CPLR 3215(c). Although appellant did not move to intervene, it had standing to oppose the foreclosure action as an "interested party" because it took title to the property pursuant to a referee's deed in connection with the Boatyard Condominium's lien foreclosure (see MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021], lv denied 37 NY3d 908 [2021]; JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470 [1st Dept 2020]). The motion court erred in granting plaintiff's motion for judgment of foreclosure and sale and confirmation of the referee's report and in denying appellant's cross-motion for dismissal of the action under CPLR 3215(c).
CPLR 3215(c) provides that:
"[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed. A motion by the defendant under this subdivision does not constitute an appearance in the action."
Both before Supreme Court and on appeal, plaintiff's position was that it did not fail to "take proceedings for the entry of judgment within one year after the default" because within one year of Thomas's default, it filed an RJI requesting a mandatory foreclosure settlement conference pursuant to CPLR 3408(a). Plaintiff cites persuasive authority from the Second Department holding that a plaintiff's filing of an RJI constitutes taking proceedings under CPLR 3215(c), when filed within one year after the defendants' default, where a foreclosure settlement conference is "mandated by CPLR 3408 . . . . a necessary prerequisite to obtaining a default judgment" (Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983 [2d Dept 2020]; see also U.S. Bank N.A. v Newson, 240 AD3d 821, 822 [2d Dept 2025]; U.S. Bank N.A. v 63 Holiday Dr. Realty Corp., 230 AD3d 713, 714 [2d Dept 2024]; U.S. Bank N.A. v Jerriho-Cadogan, 224 AD3d 788, 790 [2d Dept 2024]).
However, for the reasons explained below, CPLR 3408 does not apply to this action. Therefore, plaintiff's filing of the RJI did not constitute the taking of proceedings under CPLR 3215(c).
CPLR 3408(a)(1) mandates in relevant part that the parties participate in good faith settlement conferences "[i]n any residential foreclosure action involving a home loan as such term is defined in [RPAPL 1304] in which the defendant is a resident of the property subject to foreclosure."
CPLR 3408(n) additionally provides that "[a]ny motions submitted by the plaintiff or defendant shall be held in abeyance while the settlement conference process is ongoing, except for motions concerning compliance with this rule and its implementing rules." The term "abeyance" has been interpreted by the Second Department as a toll of the one-year time limit of CPLR 3215(c) (see e.g. Citibank, N.A. v Kerszko, 203 AD3d 42, 49 [2d Dept 2022] ["the one-year deadline is computed from the date of a defendant's default, but is tolled in residential mortgage foreclosure actions during the pendency of mandatory CPLR 3408 settlement conferences . . . . Therefore, the statutory one-year period of CPLR 3215(c) may potentially be many weeks, and perhaps months, longer than a year after default, depending on the circumstances of the action"]).
The Second Department's approach is persuasive. To require a plaintiff to file a motion for a default judgment or an order of reference while the mandatory settlement conference process is ongoing as opposed to tolling that time is counter to the legislature's expressed preference for settlement efforts over adversarial litigation. Moreover, because any such motions are held in abeyance, they would likely become stale, requiring the filing of additional motions, contrary to the interest of judicial economy. For example, CPLR 3408(m) provides in relevant part that a "defendant who appears at the settlement conference but who failed to file a timely answer . . . shall be presumed to have a reasonable excuse for the default and shall be permitted to serve and file an answer, without any substantive defenses deemed to have been waived within thirty days of initial appearance at the settlement conference."
Preliminarily, we reject appellant's argument that the filing of an RJI seeking a mandatory settlement conference does not constitute the taking of proceedings because this Department holds that "the only act" satisfying CPLR 3215(c) in the foreclosure context is the filing of a motion for a default judgment (or its equivalent, such as an order of reference) within one year of default. The fact that a timely filing of a motion for a default judgment or order of reference constitutes the taking of proceedings under CPLR 3215 (c) is not support for an argument that such motions are the only act to satisfy the statute. The term "'take proceedings' is unique to CPLR 3215(c)" and is a "broader and more encompassing concept" (Kerszko, 203 AD3d at 50). Had the legislature intended to limit CPLR 3215 (c) in the manner appellant suggests, "it could have easily and cleanly written such language into the statute, but did not do so" (id.).
Nor does Wells Fargo Bank, N.A. v Gwebu (226 AD3d 578 [1st Dept 2024]) support appellant's argument that this Department has "rejected the notion" that the filing of an RJI within one year of the default constitutes taking proceedings under CPLR 3215(c). In Gwebu, the borrower defaulted on March 4, 2013, but plaintiff filed an RJI over one year later, on March 13, 2014 (see NY St Cts Elec Filing [NYSCEF] Doc Nos. 19, 75, Wells Fargo Bank, N.A. v Gwebu, Sup Ct, NY County, index No. 81005/2013). Here, by contrast, appellant maintains that "Thomas's time to answer or otherwise appear with respect to the Complaint expired on May 2, 2022" and plaintiff filed an RJI on May 10, 2022, within one year of the default.[FN1] Gwebu never addressed, let alone rejected, Citimortgage, Inc. v Zaibak (188 AD3d 982) and its progeny.
Nevertheless, we agree with appellant that this foreclosure action must be dismissed as abandoned, because plaintiff's argument is premised on its mistaken assumption that it was required to file an RJI seeking a mandatory conference before it could move for a default judgment. Notably, plaintiff fails to support its position that a mandatory settlement conference was required in this action.
As explained above, CPLR 3408(a)(1) requires a mandatory settlement conference in "a residential foreclosure action involving a home loan" where "the defendant is a resident of the property subject to foreclosure." A mandatory conference is not required where the defendant does not reside at the property when the foreclosure action is commenced (see e.g. U.S. Bank N.A. v Pane, 237 AD3d 1237, 1239-1240 [2d Dept 2025]; Wilmington Sav. Fund Socy., FSB v Nifenecker, 236 AD3d 971, 974 [2d Dept 2025]). Watkins, the borrower, was not a resident of the property when the foreclosure action was commenced because he died two years earlier.
Additionally, a mandatory conference is required for "a home loan" which is defined, among other things, to include a requirement that "[t]he borrower is a natural person" (RPAPL 1304[6][a][1][i]). Here, the borrower was deceased when plaintiff commenced this action against Thomas in her capacity of executrix of Watkins's estate. Thomas is neither a borrower, nor a natural person in this context (see e.g. 20 NYCRR 642.3[b][2] [residential natural-person tax exemption "shall not include a person who is acting in a fiduciary capacity for a mortgagee who is not a natural person, such as an executor or executrix of an estate"]; Island Fed. Credit Union v Smith, 60 AD3d 730, 732 [2d Dept 2009] [an estate cannot create a joint tenancy with a natural person because estates are not natural persons "who have a lifetime and a specific date of death"]).
Moreover, plaintiff expressly foreclosed any argument that the complaint should not be dismissed as abandoned because of the existence of "sufficient cause" under CPLR 3215(c) for failing to seek a default judgment within one year of default. Both below and on appeal, plaintiff explicitly asserted that "it is not required to proffer a reasonable excuse or demonstrate a potentially meritorious cause of action." Thus, plaintiff did not proffer an excuse which might have provided the motion court with a basis to conclude that the complaint should not be dismissed because plaintiff reasonably believed, albeit incorrectly, that a settlement conference was mandated by CPLR 3408 (see e.g. Pane, 237 AD3d at 1239-1240 [the plaintiff demonstrated a reasonable excuse for failing to timely move to enter a default judgment against the defendant who was not a resident of the subject property at the time the action was commenced because it reasonably believed that the action was subject to a mandatory foreclosure settlement conference]).
Because CPLR 3408 is inapplicable, the complaint must be dismissed as abandoned under CPLR 3215(c) and we need not reach the additional issues that appellant has raised.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025

Footnotes

Footnote 1: Because the court had not yet scheduled the settlement conference, plaintiff also sent letters to the court dated October 14, 2022, July 25, 2023, and October 18, 2023.