E*Trade Bank v Plotch (2025 NY Slip Op 06898)

E*Trade Bank v Plotch

2025 NY Slip Op 06898

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 380411/13|Appeal No. 4834|Case No. 2016-00460,|

[*1]E*Trade Bank, Formerly Known as Telebank Plaintiff-Respondent,
v
Adam Plotch, Defendant-Appellant, Emmanuel DelValle et al., Defendants.

Rosenberg, Fortuna & Laitman LLP, Garden City (Anthony R. Filosa of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, Melville (Amaine A. Akarah of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered March 7, 2016, which denied the appealing defendant's motion to vacate the judgment of foreclosure and sale, and bringing up for review an order, same court and Justice, entered on or about April 8, 2015, which granted plaintiff's motion for a default judgment and order of reference and denied defendant's cross-motion to dismiss the complaint pursuant to CPLR 3215(c), unanimously reversed, on the law, without costs, defendant's motion granted, the judgment vacated, plaintiff's motion for a default judgment denied, defendant's cross-motion to dismiss granted, and the complaint as against defendant Plotch dismissed. The Clerk is directed to enter judgment accordingly.
Defendant Plotch was personally served with the summons and complaint on July 30, 2013, and the parties agree he defaulted on August 13, 2013. On or about March 5, 2014, Plotch's former counsel filed a notice of appearance dated February 18, 2014. On May 1, 2014, this matter was referred to the settlement conference part upon plaintiff's filing of a request for judicial intervention (RJI), and on July 23, 2014, the matter was released from the settlement part.
By a January 14, 2015 motion, plaintiff moved for a default judgment and order of reference. In response, Plotch by his former counsel filed a February 5, 2015 cross-motion for dismissal of the complaint under CPLR 3215(c) or, alternatively, leave to file a late answer. By order dated April 8, 2015, Supreme Court granted plaintiff's motion, denied Plotch's cross-motion, and issued a default judgment and order of reference. On or about July 9, 2015, Plotch's former counsel filed a consent to change attorney dated June 17, 2015. The consent, which Plotch's former counsel sent to plaintiff on July 14, 2015, stated that Plotch was being substituted as defendant pro se in place of counsel.
Plaintiff moved for a judgment of foreclosure and sale on September 1, 2015, and served only Plotch's former counsel with the motion. On October 15, 2015, Supreme Court granted the judgment of foreclosure and sale, without opposition. As a result of a related bankruptcy proceeding, consequent stay, and failure of both parties to notify this Court following the bankruptcy proceedings' dismissal, this appeal was not calendared for several years.
Although the filed consent to change attorney was not a traditional substitution in that it did not identify new counsel and did not include Plotch's address, neither was required for an effective discharge (see CPLR 321[b]; see also e.g. Matter of Cohen v Grainger, Tesoriero & Bell, 81 NY2d 655, 658 [1993] ["It is settled that a client may discharge an attorney at any time, with or without cause"]; cf. Garafolo v Mayoka, 151 AD3d 1018 [2d Dept 2017] [former counsel's authority continued "unabated" with respect to adverse parties where party and former counsel "had not signed and filed a consent to change attorney form"]). Accordingly, plaintiff's failure to serve Plotch with the notice of motion deprived the court of jurisdiction to enter the judgment (see e.g. Adames v New York City Tr. Auth., 126 AD2d 462, 462 [1st Dept 1987]). The court should thus have granted Plotch's motion to vacate the October 15, 2015 judgment of foreclosure and sale pursuant to CPLR 5015(a)(4).
Plotch's appeal from the denial of his motion to vacate the judgment of foreclosure and sale brings up for review the motion court's underlying April 8, 2015 order granting plaintiff a default judgment and denying Plotch's cross-motion to dismiss (see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 454 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]; see also U.S. Bank N.A. v Kerendian, 232 AD3d 690, 691 [2d Dept 2024]).
Concerning the underlying order, Plotch argues that plaintiff failed to take proceedings within one year of his default. On this point, Plotch maintains that neither filing an RJI nor requesting a foreclosure settlement conference constitute "tak[ing] proceedings for the entry of judgment" under CPLR 3215(c) where, as here, the defendant was not a resident of the at-issue property (see Richlew Real Estate Venture v Grant, 131 AD3d 1223, 1224 [2d Dept 2015]; see also US Bank N.A. v Pane, 237 AD3d 1237, 1238-1239 [2d Dept 2025]). Further, Plotch contends that the one-year period contemplated by CPLR 3215(c) was exceeded whether or not the almost three-month period in the settlement foreclosure part is included. Plaintiff argues that its filing of an RJI requesting a settlement conference qualified under CPLR 3215(c) as "tak[ing] proceedings for the entry of judgment" such that Supreme Court properly declined to dismiss its complaint.
It is undisputed that Plotch, who was served at another address—specifically, the buyer's address provided on the face of the subject property's deed—acquired the property before the action was commenced and was not "a resident of the property subject to foreclosure" (CPLR 3408[a]). Plaintiff was therefore not required to participate in a settlement conference as a prerequisite for obtaining a default judgment (see Pane, 237 AD3d at 1238-1239). Plaintiff's filing of an RJI seeking a CPLR 3408 settlement conference thus failed to qualify as "tak[ing] proceedings for the entry of judgment within one year after the default" (CPLR 3215[c]; see Municipal Credit Union v Thomas, — AD3d —, 2025 NY Slip Op 06260 [1st Dept 2025]). As there were no other requisite proceedings within one year of Plotch's default, his cross-motion to dismiss should have been granted.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025